Mrs. Stasco, a defense witness — not the prosecutor — first brought up the idea of "trust," thereby implying something about the appellant's character: that he could be trusted alone with children. When the witness responded that she knew nothing of the appellant's "messing with" a child, the prosecutor was entitled to impeach the witness by inquiring whether she was aware he had previously been convicted of sexual abuse.
Evidence of the appellant's prior conviction was not, therefore, merely an "attempt to show Dockery's bad character and propensity to commit the crime of sexual abuse," as the majority asserts, but was an attempt to "dispel the 'image' created by the testimony given [by Mrs. Stasco] on behalf of the [appellant]" that he could be trusted with children. 1A Wigmore, Evidence § 58.2 at 1230 n. 7 (Tillers rev. 1983).